[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15872
Non-Argument Calendar
_____

D.C. Docket No. 8:09-cr-00585-SCB-TBM-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIAN I. MORGAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 6, 2014)

Before HULL, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Marian Morgan appeals for substantive unreasonableness her 405-month imprisonment sentence, imposed at the high end of the applicable Sentencing Guidelines range.  We affirm.

## I. BACKGROUND

In May 2011, a federal grand jury returned a superseding indictment charging Morgan with one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371; seven counts of wire fraud, in violation of 18 U.S.C. § 1343; five counts of transfer of funds taken by fraud, in violation of 18 U.S.C. §§ 2314, 2; six counts of money laundering, in violation of 18 U.S.C. §§ 1957, 2; and three counts of making false statements on income tax returns, in violation of 26 U.S.C. § 7206(1), 18 U.S.C. § 2.  Morgan's husband, John Morgan, along with Stephen Bowman and Eli Hecksher,[1] also were charged in the scheme.

Bowman pled guilty to Count 1 (conspiracy to defraud the United States) and Count 12 (transfer of funds taken by fraud), pursuant to a plea agreement, in exchange for the dismissal of the remaining counts.  The district judge sentenced Bowman to 51 months of imprisonment.  Similarly, John Morgan pled guilty to Count 1 and Count 16 (money laundering).  John Morgan was sentenced to 121 months of imprisonment.  Morgan pled not guilty, proceeded to trial, and was found guilty of all 22 counts.

---

[1] Hecksher resides in Denmark and has not yet been extradited.

At sentencing, the district judge determined Morgan's offense level was 43, which included a two-level enhancement under U.S.S.G. § 3B1.3 for Morgan's abuse of a position of trust.  Her total offense level of 43 and criminal history category of I resulted in a Sentencing Guidelines range of life imprisonment. Because the Guidelines range exceeded the maximum statutory penalty of 264 years of imprisonment, her advisory range became 264 years of imprisonment. The judge sentenced Morgan to 420 months (35 years) of imprisonment, well below the advisory range of 264 years.  Morgan appealed her conviction and sentence.  We affirmed her conviction but vacated her sentence, because the two-level enhancement for abuse of a position of trust was improper.  *United States v. Morgan*, 530 F. App'x 908 (11th Cir. 2013) (per curiam), *cert. denied*, 134 S.Ct. 1045 (2014).

During the resentencing proceeding, the district judge subtracted two levels from Morgan's offense level for the erroneous abuse-of-trust enhancement and determined Morgan's correct Guidelines range was 324 to 405 months of imprisonment.  After hearing arguments from the parties, the judge sentenced Morgan to 405 months of imprisonment, at the top of the correct Guidelines range. The judge stated nothing had changed in the case other than the enhancement for abuse of a position of trust.  The offense conduct involved millions of dollars and numerous victims.  The judge stated Morgan had not accepted any responsibility.

3

The judge also noted a 405-month sentence was appropriate, regardless of Morgan's life expectancy. The judge said she had considered the 18 U.S.C. § 3553(a) factors, including the need to protect the public, and the sentence was sufficient but not greater than necessary. Morgan objected to the sentence as substantively unreasonable and appealed.

## II. DISCUSSION

On appeal, Morgan argues her 405-month imprisonment sentence is substantively unreasonable. She also argues her sentence creates an unwarranted sentencing disparity between her and her codefendants. A district judge must impose a sentence that is both procedurally and substantively reasonable. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). We review the reasonableness of a sentence "under a deferential abuse-of-discretion standard." *Id.* at 41, 128 S. Ct. at 591. The party, who challenges the sentence, bears the burden of establishing that it is unreasonable. *United States v. Dougherty*, 754 F.3d 1353, 1361 (11th Cir. 2014).

We examine whether a sentence is substantively reasonable in view of the totality of the circumstances and the § 3553(a) factors. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. The § 3553(a) factors to be considered by a sentencing court include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of

the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to protect the public from further crimes of the defendant; and (4) the applicable Sentencing Guidelines range.  18 U.S.C. § 3553(a).

A sentencing judge also must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a)(6).  But "defendants who cooperate with the government and enter a written plea agreement are not similarly situated to a defendant who provides no assistance to the government and proceeds to trial."  *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009).

A sentence is substantively unreasonable if it "does not achieve the purposes of sentencing stated in § 3553(a)."  *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (citation and internal quotation marks omitted).  In addition, a sentence may be substantively unreasonable if a district judge unjustifiably relied on any one § 3553(a) factor, failed to consider pertinent § 3553(a) factors, selected the sentence arbitrarily, or based the sentence on impermissible factors.  *Id.* at 1191–92.

Morgan's 405-month sentence is substantively reasonable under the totality of the circumstances and the § 3553(a) factors.  Her numerous offenses involved more than 80 victims and a loss of over $17.5 million.  Morgan never accepted responsibility for her actions and does not dispute that she lied on the stand during

5

trial.  Although she argues the district judge erroneously continued to view her as one who had abused a position of trust with the victims, the record shows otherwise.  At the resentencing hearing, the judge acknowledged the abuse-of-trust enhancement no longer applied and focused on the amount of loss, the number of victims, and Morgan's complete lack of remorse.  The judge also addressed the need to protect the public from future crimes by Morgan.

Morgan went to trial, lied on the stand, and was convicted of all 22 offenses. John Morgan and Bowman, on the other hand, each pled guilty to only two offenses and cooperated with the government.  Therefore, Morgan is not similarly situated to John Morgan and Bowman, and her substantially higher sentence is warranted.  *Docampo*, 573 F.3d at 1101.

**AFFIRMED.**